**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheldon McIntosh,<br><br>    Petitioner,<br><br>vs.<br><br>Shelton Richardson, et. al.,<br><br>    Respondents. | No. CV11-0702-PHX-DGC<br><br>**ORDER** |

  On October 17, 2007, Petitioner Sheldon McIntosh and four co-defendants, each representing themselves, were tried on drug charges before a pro tem Superior Court judge. Doc. 14 at 1. McIntosh was found guilty of one count of possession of marijuana for sale and one count of possession of drug paraphernalia. *Id.* at 1-2. McIntosh was sentenced to the five year presumptive term of imprisonment on the first offense, and, after he refused to sign the terms of probation for the second offense, was sentenced to the one year presumptive term of imprisonment on that offense, to be served concurrently with the five year term. *Id.* at 2. McIntosh appealed, and the Arizona Court of Appeals affirmed his convictions and sentences. *Id.* at 2-3. On October 27, 2009, the Arizona Supreme Court denied review. *Id.* at 3.

  On April 8, 2011, McIntosh filed a petition for writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Doc. 1. McIntosh asserts five bases for habeas relief: (1) he did not knowingly and intelligently waive his Sixth Amendment right to counsel; (2) the trial court erred in

sentencing him to imprisonment for possession of drug paraphernalia because Arizona law mandates a sentence of probation; (3) the trial court did not have jurisdiction over his criminal proceedings because the court commissioner did not have authority to issue search warrants or preside over criminal trials and the court commissioner did not have a loyalty oath on file; (4) there was insufficient evidence to support his conviction for possession of marijuana for sale, as he was merely present in the house where the marijuana was found; and (5) his due process rights were violated when the trial court erroneously instructed the jury that it could convict him on coconspirator liability. Doc. 1 at 7-12.

United States Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R"). Doc. 14. The R&R recommends that the Court deny McIntosh's petition with prejudice because it is barred by the applicable statute of limitations and, in the alternative, because each of McIntosh's claims fails on the merits. Doc. 14 at 20. McIntosh filed objections to the R&R on October 13, 2011.[1] For the reasons that follow, the Court will accept the R&R and deny McIntosh's petition.

**II.   Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**III.   Analysis.**

McIntosh has made no specific objections to the R&R's findings of fact and law. Though labeled "Objections to Report and Recommendation," McIntosh's objections

---

[1] McIntosh states that he mailed his objections on October 4, 2011. Doc 15 at 8. This is technically past the 14 day deadline for objections (*see* Fed. R. Civ. P. 72(b)). The Court may consider late filing a waiver to review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Because McIntosh is proceeding pro se, however, the Court will excuse this delay.

never refer substantively to the R&R at all.  Instead, McIntosh makes the same arguments for equitable tolling of the statute of limitations that he made in his original petition and response.  Compare Docs. 1 at 15, 12 at 2-4 with Doc. 15 at 2-3.  Similarly, for each of McIntosh's substantive claims, with the exception of the insufficiency of the evidence claim, which McIntosh appears not to address at all, McIntosh's objections merely incorporate the same arguments he made in his original petition and reply.  Compare Docs. 1 at 7-14 and Doc. 12 at 4-7 with Doc. 15 at 4-7.  Magistrate Judge Aspey has already addressed the issues raised in the petition.  Merely reasserting the grounds of the petition as an objection provides this Court with no guidance as to what portions of the R & R McIntosh considers to be incorrect.

The Court will deem McIntosh's mere recitation of his earlier arguments ineffective. This ruling comports with the clear language of Rule 72(b) that a district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific written objection* has been made[.]" Fed.R.Civ.P. 72(b)(2) (emphasis added); *see Sullivan v. Schriro,* No. CV-04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006). The Court is relieved of any obligation to review a general objection to the R&R. *See Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (stating that no review at all is required for "any issue that is not the subject of an objection."); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (same).

**IT IS ORDERED:**

1. Magistrate Judge Mark E. Aspey's R&R (Doc. 14) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
3. The Clerk of Court is directed to **terminate** this action.

Dated this 14th day of November, 2011.

_____
David G. Campbell
United States District Judge

- 3 -